IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LEE BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0142-G |
| | § | |
| JIM HAMLIN, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil action brought by Willie Lee Brown, an inmate in the TDCJ-ID, against Jim Hamlin, the District Clerk of Dallas County, Texas, and two attorneys appointed to prepare findings of fact and conclusions of law in a state habeas case. On January 19, 2006, plaintiff filed a federal civil rights complaint and an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. A *Spears*[1] questionnaire then was sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the questionnaire on February 9,

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

2006. The court now determines that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## II.

Plaintiff was convicted by a Dallas County jury of aggravated robbery and evading arrest. On August 26, 2005, after his convictions were affirmed on direct appeal, plaintiff filed two applications for state post-conviction relief. The state timely responded to both applications on September 23, 2005. Recognizing that further evidence may be needed to resolve the issues raised by plaintiff, the trial judge appointed two attorneys, April E. Smith and Fred McDaniel, to investigate the claims and prepare findings of fact and conclusions of law. Smith was appointed to handle the aggravated robbery case. McDaniel was appointed to handle the evading arrest case. Both orders were entered on October 4, 2005.

Plaintiff now complains that neither Smith nor McDaniel have taken any action on his state writs and the district clerk has not forwarded a copy of the record to the Texas Court of Criminal Appeals. As a result of this delay, plaintiff alleges that he has been deprived of "life and liberty," as well as other unspecified constitutional rights. He seeks damages in excess of $1 million and immediate release from custody.

### A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).  A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).  The court must assume that the facts set forth in the complaint are true.  *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).  However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Prisoners have a fundamental constitutional right to "adequate, effective, and meaningful" access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977); *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 118 S.Ct. 559 (1997).  However, the right of access is not unlimited.  "[I]t encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson*, 110 F.3d at 310-11, *quoting Lewis v. Casey*, 518 U.S. 343, 356, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996).  In order to establish a claim for denial of access to the courts, a prisoner must demonstrate that he suffered "actual injury." *Lueck v. Wathen*, 262 F.Supp.2d 690, 694 (N.D. Tex. 2003) (Kaplan, J.).  This, in turn, requires proof that the denial of access "hindered his efforts to pursue a legal claim." *Id.*, *quoting Lewis*, 116 S.Ct. at 2180.  *See also McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff has failed to allege any facts which, if proved, show that defendants have hindered his efforts to seek state post-conviction relief. On October 4, 2005, less than two weeks after the state filed a response, the trial court appointed Smith and McDaniel to "resolve the issues and prepare findings and fact and conclusions of law" in the state habeas case. Neither the orders appointing these lawyers nor the operative statute, Tex. Code Crim. Proc. Ann. art 11.07, § 3(d),[2] establishes a time limit for preparing such findings. Because the trial court has not yet made findings of fact and conclusions of law, the clerk cannot transmit the record to the Texas Court of Criminal Appeals. This claim is without an arguable basis in law. *See Scott v. Groomer*, No. 2-02-CV-0128, 2003 WL 1524483 at *2 (N.D. Tex. Mar. 6, 2003), *aff'd*, No. 03-10433, 79 Fed.Appx. 48 (5th Cir. Oct. 22, 2003) (summarily dismissing civil rights claim brought against court clerk for failure to process state writ of habeas corpus).

C.

To the extent plaintiff seeks immediate release from confinement, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *See Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, as plaintiff readily acknowledges, his applications for state post-conviction relief are still pending in the trial court. Plaintiff cannot seek

---

[2] This statute provides:

> If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved . . . [T]he convicting court may appoint an attorney or a magistrate to hold a hearing and make findings of fact. An attorney so appointed shall be compensated as provided in Article 26.05 of this code . . . After the convicting court makes findings of fact or approves the findings of the person designated to make them, the clerk of the convicting court shall immediately transmit to the Court of Criminal Appeals, under one cover, the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact.

TEX. CODE CRIM. PROC. ANN. § 11.07, § 3(d) (Vernon 2004).

federal habeas relief until he exhausts available state remedies by submitting the factual and legal basis of his claims to the Texas Court of Criminal Appeals. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE